UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:14CR007 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| LARRY DORSEY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant Larry Dorsey's motion to withdraw his guilty plea (Doc. No. 301). The government opposes the motion (Doc. No. 305). For the reasons that follow, defendant's motion to withdraw his plea is denied.

**I.  BACKGROUND**

On January 9, 2014, defendant became one of twenty (20) individuals indicted in connection with an alleged drug trafficking operation ("DTO"). Specifically, defendant was charged with one count of conspiracy to traffic controlled substances, in violation of 21 U.S.C. § 846, and attempted possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a), and 841(h)(1)(K), and 18 U.S.C. § 2. (Indictment, Doc. No. 1.)

On July 31, 2014, pursuant to a plea agreement, defendant entered a counselled plea of guilty to conspiracy to distribute heroin and attempted possession with intent to distribute heroin. Following a lengthy plea colloquy, the Court accepted

defendant's guilty plea. (*See* Minutes, July 31, 2014; Plea Agreement, Doc. No. 255, at 1289-1300.) The Court ordered the preparation of a Pre-Sentence Investigative Report ("PSR"), and set the matter for sentencing, which is to take place on October 29, 2014.

On September 23, 2014, defendant moved to withdraw his plea. In support, defendant states that "he is not guilty of any of the charges and that he felt pressured to enter pleas of guilty." (Mot. at 1762.) He notes that "while [he] initially cooperated with the Probation Officer preparing the PSR since then he has not provided [his counsel] with any writing expressing his acceptance of responsibility." *Id*.

## II. LAW AND ANALYSIS

The right to withdraw a properly accepted guilty plea is not absolute. *United States v. Wilson*, 351 F. App'x 94 (6th Cir. 2009). After the court accepts a guilty plea but before sentencing, a defendant may withdraw his plea and proceed to trial only if: (1) the court rejects a plea agreement under Rule 11(c)(5) of the Federal Rules of Criminal Procedure; or (2) the defendant provides "a fair and just reason for requesting the withdrawal." *See United States v. Dixon*, 479 F.3d 431, 436-38 (6th Cir. 2007); Fed. R. Crim. P. 32(e). In considering whether "a fair and just reason" exists, courts consider several factors, including: time delay, valid reason for the delay, viable claim of innocence, circumstances of the plea, defendant's nature and background, defendant's prior experience with the judicial system, and potential prejudice to the government. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008).

The defendant bears the burden of demonstrating "good reasons" to support the withdrawal of his plea, *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (citation omitted), and the decision to grant a withdrawal rests with the discretion

of the district court. *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009); *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999).

"Rule 32(e) was not intended to allow a defendant to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Beasley*, 73 F. App'x 98, 121 (6th Cir. 2003) (quotation marks and citation omitted). While an intervening change in the law or new discovered evidence may qualify as "good reasons," *see United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004), *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005), a defendant's misapprehension of, or dissatisfaction with sentencing consequences, is not a "fair and just" reason for withdrawing a guilty plea. *See, e.g., United States v. Scott*, 929 F.2d 313, 315 (7th Cir. 1991).

Turning to the relevant factors by which requests to withdraw pleas are tested, the government notes that defendant did not have a quick change of heart, but waited approximately two months after offering his plea before he sought to withdraw it. Such a lengthy and unexplained delay militates against permitting the plea to be withdrawn. *See Durham*, 178 F.3d at 998-99 (77 day delay weighed heavily against permitting a withdrawal of a guilty plea); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 day delay in requesting withdrawal was the strongest factor supporting the district court's refusal to withdraw a defendant's guilty plea); *United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (denying motion to vacate guilty plea five weeks after plea was entered).

As for defendant's passing reference to his innocence, the record in this case demonstrates that the investigation into the Akron-based DTO included numerous

3

"controlled buys" of heroin, and intercepted telephone conversations, including some with defendant as a participant, which clearly showed defendant's participation in the drug conspiracy. (*See* Doc. No. 305 at 1829-30.) Defendant's participation in the DTO was also set out in detail in the plea agreement, and defendant admitted under oath that this factual basis for the plea was accurate. (Plea Agreement at 1295-97.) The fact that defendant has failed to provide his counsel with a writing expressing his acceptance of responsibility, for purposes of the federal sentencing guidelines, does not take away from the fact that he voluntarily admitted his guilt in open court at the change of plea hearing. This factor, therefore, also weighs against withdrawal. *See, e.g., Beasley*, 73 App'x at 122; *see also Wilson*, 351 F. App'x at 95-96 ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.") (quoting *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006)).

Moreover, while defendant now claims that he was "pressured" into entering a plea, he represented at the plea hearing that he was entering his plea knowingly and voluntarily, and that he had not been pressured by anyone to change his plea. *See United States v. Graham*, 278 F. App'x 538, 548 (6th Cir. 2008) (rejecting a similar post-hearing argument that defendant was "guilt-tripped and pressured" to plead guilty as "hardly a resonating declaration of innocence"). Defendant also represented at the hearing that he had been given sufficient opportunity to discuss the matter with his attorney, and he indicated that he was fully satisfied with the representation he received from his counsel. This final relevant factor also weighs against withdrawal.

Ultimately, the Court finds that defendant has failed to carry his burden of demonstrating the existence of a "fair and just" reason to permit him to withdraw his guilty plea. This case will proceed to sentencing, as scheduled, on October 29, 2014.

**IT IS SO ORDERED**.

Dated: September 29, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**